### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICIA WALKER<br>on behalf of herself and<br>all those similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | CIVIL ACTION NO.<br>1:12-CV-00654-AT |
| v. | ) <br> ) | |
| VITAL RECOVERY SERVICES, INC.,<br>VITAL SOLUTIONS, INC., and<br>CHRISTOPHER J. SHULER, | ) <br> ) <br> ) <br> ) | ***Collective Action --***<br>***pursuant to 29 U.S.C. § 216 (b)*** |
| Defendants. | ) | |

## COMPLAINT

### *Nature of the Claim*

PLAINTIFF PATRICIA WALKER ("PLAINTIFF"), for herself and on behalf of others similarly situated who consent to representation, asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for  unpaid overtime compensation, liquidated damages, prejudgment and postjudgment interest, reasonable expenses of litigation and attorneys fees, on the grounds set forth below.

### *Jurisdiction and Venue*

1.     This Court has subject-matter jurisdiction over PLAINTIFF'S claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, 28 U.S.C. § 1337 because this action arises under Acts

of Congress regulating commerce, and 29 U.S.C. § 216(b) because this action arises under the FLSA.

2.     Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

3.     PLAINTIFF is a former employee of DEFENDANTS VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER (collectively "DEFENDANTS"), for whom she worked from on or about July 2009 to on or about August 2011.

4.     At all relevant times PLAINTIFF was a resident of Dekalb County in the state of Georgia.

5.     At all relevant times, PLAINTIFF was employed in DEFENDANTS' location in Norcross, Georgia.

6.     Throughout PLAINTIFF'S employment with DEFENDANTS, she was employed as a debt collector.

7.      Throughout PLAINTIFF'S employment with DEFENDANTS, she was denied proper overtime compensation required by federal law.

8.     At all relevant times, DEFENDANTS VITAL RECOVERY SERVICES, INC. and VITAL SOLUTIONS, INC., were corporations doing

business within this judicial district, and are subject to the jurisdiction of this Court.

9.     Throughout the relevant period of this lawsuit, DEFENDANT CHRISTOPHER J. SHULER asserted control of DEFENDANTS VITAL RECOVERY SERVICES, INC.'S and VITAL SOLUTIONS, INC.'S day-to-day operations at the location where PLAINTIFF worked, had some direct responsibility for the supervision of PLAINTIFF, and participated in the decision not to pay PLAINTIFF proper overtime compensation, and therefore is an employer within the meaning of the FLSA, 42 U.S.C. § 203(d) and is not exempt under the Act.

### *The Class*

10.     PLAINTIFF brings this case as a collective action pursuant to the collective-action provision of 29 U.S.C. § 216(b) for all Class Members within the Class described below in ¶ 11.

11.     The Class whom PLAINTIFF represents is defined as:

> All debt collectors employed by DEFENDANTS VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER at DEFENDANTS' Norcross, Georgia location, during the period of three years prior to the date of commencement of this action through the date of judgment in this action, who were not paid proper overtime compensation required by federal law.

12.     PLAINTIFF consents to participate in this collective action.  Her consent is attached hereto as Exhibit 1 and is a part hereof for all purposes

pursuant to Fed. R. Civ. P. 10(c).  The consents of other similarly situated individuals to participate in this lawsuit may be filed with the Court from time to time as they opt-in to this litigation, pursuant to 29 U.S.C. § 216(b).

### ***Grounds for this Action***

13.     At all relevant times, DEFENDANTS have operated a debt collection agency in Norcross, Georgia at which PLAINTIFF and the Class Members worked as debt collectors.

14.     At all relevant times, each of the DEFENDANTS was an "employer" within the meaning of 29 U.S.C. § 203(d).

15.     At all relevant times, each of the DEFENDANTS was not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq*.

16.     At all relevant times, PLAINTIFF and the Class Members were employed by each of the DEFENDANTS as employees, and therefore PLAINTIFF and the Class Members were employees within the meaning of 29 U.S.C. § 203(e)(1).

17.     At all relevant times, each of the DEFENDANTS employed PLAINTIFF and the Class Members as employees and therefore each DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d) and not exempt under the FLSA.

18.   At all relevant times, DEFENDANT VITAL RECOVERY
SERVICES, INC. had an annual gross volume of sales made that was more
than $500,000.  At all relevant times, DEFENDANT VITAL RECOVERY
SERVICES, INC. had employees engaged in commerce.  At all relevant times,
because DEFENDANT VITAL RECOVERY SERVICES, INC. had an annual
gross volume of sales made that was more than $500,000 and had employees
engaged in commerce, DEFENDANT VITAL RECOVERY SERVICES, INC.
was an enterprise engaged in commerce within the meaning of 29 U.S.C.
203(s)(1).

19.   At all relevant times, DEFENDANT VITAL SOLUTIONS, INC.
had an annual gross volume of sales made that was more than $500,000.  At
all relevant times, DEFENDANT VITAL SOLUTIONS, INC. had employees
engaged in commerce.  At all relevant times, because DEFENDANT VITAL
SOLUTIONS, INC. had an annual gross volume of sales made that was more
than $500,000 and had employees engaged in commerce, DEFENDANT
VITAL SOLUTIONS, INC. was an enterprise engaged in commerce within
the meaning of 29 U.S.C. 203(s)(1).

20.   At all relevant times, PLAINTIFF and the Class Members were
employees engaged in commerce and were employed by an enterprise
engaged in commerce within the meaning of the FLSA and therefore are
expressly covered by the protections of the 29 U.S.C. § 207(a).

21.     At all relevant times, DEFENDANT VITAL RECOVERY

SERVICES, INC. was a wholly-owned subsidiary of DEFENDANT VITAL

SOLUTIONS, INC.

22.     Throughout their employment as debt collectors, PLAINTIFF and

the Class Members were paid at an hourly rate.

23.     Throughout their employment as debt collectors, PLAINTIFF and

the Class Members were eligible for and often received a non-discretionary

production bonus in a dollar amount for meeting production goals.

24.     Throughout their employment as debt collectors, PLAINTIFF and

the Class Members were classified as non-exempt employees for purposes of

the FLSA.

25.     Throughout their employment as debt collectors, the primary

duties of PLAINTIFF and the Class Members involved using the telephone to

contact debtors who resided in Georgia and in states outside Georgia in an

effort to collect past due debts.

26.     Throughout their employment as debt collectors, the primary

duties of PLAINTIFF and the Class Members did not involve professional,

administrative or managerial duties.

27.     Throughout their employment as debt collectors, the primary

duties of PLAINTIFF and the Class Members conformed to a specific

standard of conduct that did not involve the exercise of discretion and independent judgment.

28.     At all relevant times, PLAINTIFF and the Class Members have been subject to same policies, procedures, practices, and guidelines of DEFENDANTS.

29.     Throughout their employment as debt collectors, PLAINTIFF and the Class Members worked over 40 hours per week.

30.     Throughout the employment of PLAINTIFF and the Class Members as debt collectors, DEFENDANTS and DEFENDANTS' management were aware of the extra hours PLAINTIFF and the Class Members worked each week in excess of 40 hours.

31.     Throughout the employment of PLAINTIFF and the Class Members as debt collectors, DEFENDANTS directed debt collectors not to clock into DEFENDANTS' timekeeping system and to work off-the-clock; directed debt collectors to clock out of DEFENDANTS' timekeeping system and to work off-the-clock; and adjusted the time records of debt collectors to falsely reduce the number of hours debt collectors had actually worked.

32.     Throughout the employment of PLAINTIFF and the Class Members as debt collectors, DEFENDANTS did not pay PLAINTIFF and the Class Members overtime compensation at one and one half times their regular rate of pay for work performed in excess of 40 hours in a workweek.

33.    Throughout the employment of PLAINTIFF and the Class Members as debt collectors, DEFENDANTS did not pay PLAINTIFF and the Class Members overtime compensation for work performed in excess of 40 hours in a workweek at one and one half times their regular rate of pay that included any non-discretionary production bonus paid by DEFENDANTS to PLAINTIFF and the Class Members for meeting production goals.

34.    Throughout the employment of PLAINTIFF and the Class Members as debt collectors, there is no evidence that the conduct of DEFENDANTS in failing to pay them proper overtime compensation was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

35.    Throughout the employment of PLAINTIFF and the Class Members as debt collectors, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF and the Class Members the overtime compensation to which they were entitled.

### *Collective-Action Allegations*
### *Pursuant to 29 U.S.C. § 216(b)*

36.    PLAINTIFF seeks to bring all claims arising under the FLSA on behalf of herself individually and all other similarly situated employees of the DEFENDANTS who worked as a debt collector in DEFENDANTS' Norcross, Georgia location in any pay period falling within three chronological years

immediately preceding the date on which this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action and who timely file (or have already filed) a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

37.     PLAINTIFF and the Class Members seek unpaid overtime wages, liquidated damages, and prejudgment and postjudgment interest.

38.     PLAINTIFF and the Class Members, as defined above in ¶ 11, are similarly situated.  PLAINTIFF and the Class Members worked for DEFENDANTS as debt collectors performing similar job duties at DEFENDANTS' Norcross, Georgia location, were subject to similar job requirements, similar policies and procedures, were paid at an hourly rate, and were paid a non-discretionary production bonus in a dollar amount for meeting production goals.

39.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of DEFENDANTS in excess of 40 hours per workweek.

40.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that required or permitted them to work more than 40 hours during each week without compensating these employees at one and a half times their regular rate of pay.

9

41.     DEFENDANTS subjected PLAINTIFF and the Class Members to a common policy, practice, plan or scheme that required or permitted them to work more than 40 hours during each week without compensating these employees at one and a half times their regular rate of pay that included non-discretionary production bonuses of a dollar amount that DEFENDANTS paid these employers for meeting production goals.

42.     PLAINTIFF and the Class Members were not paid proper overtime compensation as required by 29 U.S.C. § 207 for any weekly pay period in which they were employed by DEFENDANTS as debt collectors at DEFENDANTS' Norcross, Georgia location.

## CLAIM AGAINST THE DEFENDANTS

### *Count 1 – 29 U.S.C. § 207*
**(Overtime Compensation Due Under the FLSA)**

43.     PLAINTIFF re-alleges paragraphs 1-42 above and incorporates them by reference as if fully set forth herein.

44.     By engaging in the above-described conduct, DEFENDANTS violated the FLSA with respect to PLAINTIFF and the Class Members in failing to pay them wages at a rate of 1.5 times their regular rate, for hours worked in excess of forty hours per week, in violation of 29 U.S.C. § 207.

45.    By engaging in the above-described conduct, DEFENDANTS knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF and the Class Members, all in violation of 29 U.S.C. § 255.

46.    Throughout the relevant period of this lawsuit, there is no evidence that DEFENDANTS' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

47.    As a direct and proximate result of DEFENDANTS' conduct alleged above in ¶¶ 1-42, and incorporated as if fully set forth, PLAINTIFF and the Class Members have lost wages.

48.    As a direct and proximate result of DEFENDANTS' FLSA violations as alleged in this Count 1, PLAINTIFF and the Class Members are entitled to recover from DEFENDANTS their unpaid overtime compensation and an equal amount in the form of liquidated damages, prejudgment and postjudgment interest, as well as reasonable attorneys' fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in favor of PLAINTIFF and the Class Members and against DEFENDANTS for:

1.  Lost compensation including applicable overtime compensation calculated at one and one-half times the proper regular rate that PLAINTIFF and the Class Members would have received but for DEFENDANTS' unlawful conduct;

2.  Liquidated damages as provided for under the FLSA;

4.  Reasonable attorney's fees and costs and expenses of suit arising from DEFENDANTS' violations under the FLSA through entry of judgment;

5.  Prejudgment and postjudgment interest on all amounts awarded pursuant to the FLSA, including lost compensation, liquidated damages, and attorney's fees and costs and expenses of suit;

6.  A declaration that DEFENDANTS have engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF and the Class Members, as authorized by 28 U.S.C. § 2201; and

6.  All such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

***s/ Alan H. Garber***
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
THE GARBER LAW FIRM, P.C.
Suite 14
4994 Lower Roswell  Road
Marietta, GA  30068
(678) 560-6685
(678) 560-5067 (facsimile)
ahgarber@garberlaw.net
mngarber@garberlaw.net

***Counsel for the Plaintiff and
Putative Class***