**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ROSHANNA SMITH, Individually,
and on behalf of all others similarly
situated who consent to their inclusion
in a collective action,
     Plaintiff,

v.                             Civil Action No.1:13-cv-00712-ODE

VITAL RECOVERY SERVICES, INC.
And CHRISTOPHER J. SHULER,
Individually,

     Defendants.
_____\

**PLAINTIFF'S MOTION FOR CONDITIONAL**
**CERTIFICATION OF COLLECTIVE CLASS AND ISSUANCE**
**OF NOTICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves this Honorable Court for an ORDER:  (1) conditionally

certifying the collective class of "Collections Account Representatives" as a

Collective Class; (2) requiring the Defendants to produce the names, addresses,

and telephone numbers of each putative class member; and (3) compelling notice

of this action be sent to each similarly situated person employed by Defendants

within the preceding three years or presently employed in this capacity.

**I.**    **INTRODUCTION**

Plaintiff, Roshanna Smith, filed her collective action complaint alleging that

Defendants, Vital Recovery Services, Inc. and Christopher J. Shuler, (hereinafter

collectively referred to as "Defendants") failed to pay overtime compensation to their Collections Account Representatives for any hours worked in excess of forty (40) in a work week in violation of the Fair Labor Standards Act ("FLSA"). Plaintiff also claims that, in those instances that she was paid overtime compensation, Defendants incorrectly calculated her overtime rate by failing to include bonuses and commissions that she earned in calculation of her regular rate of pay. Defendants, in a scheme to circumvent the provisions of the FLSA and not pay overtime compensation, also schedule the Collections Account Representatives to work forty-four (44) hours during one week and thirty-six (36) hours the following week. Plaintiff is joined by three (3) other former Collections Account Representatives who were employed by Defendants and have decided to opt-into this lawsuit. *See* attached Declarations and Consent to Join Collective Action forms for Shekeela Stanley (**DE 6**), Notice of Filing Consent to Join Collective Action and Declaration of Thomas L. Brown (**DE 13**), and Consent to Join Collective Action Peggy Donnelly (**DE 17**). All of the Opt-In Plaintiffs worked at the same Norcross, Georgia location as Collections Account Representatives and allege that they worked in excess of forty (40) hours in a workweek but were not paid the proper overtime compensation.

## THE COLLECTIVE CLASS

1.     On March 6, 2013, Plaintiff filed a Collective Action Complaint

alleging that Defendants violated the FLSA by failing to pay her, and all others similarly situated, overtime compensation.  (DE #1).

2.   Defendants operate a national third-party collection agency performing bad debt recovery and skip tracing services.

3.   Plaintiff, and Opt-In Plaintiffs, were employed as Collections Account Representatives and, in addition to their hourly pay wage, were paid bonuses and commissions based upon their job performance.

4.   Defendants' Collections Account Representatives do not "manage," supervise, delegate tasks to, monitor, or evaluate job performance."  Collections Account Representatives simply do not "manage" and do not fit within the Executive Exemption under the FLSA.

5.   Furthermore, Collections Account Representatives do not have the authority or discretion to make any decisions affecting the store, the employees or the company.

6.   Plaintiff alleges that she worked over forty (40) hours per week during her employment with Defendants but was not paid time and one half of her regular rate of pay for all hours worked in excess of forty (40) in a work week in violation of  the FLSA, 29 U.S.C. §201, *et seq.*

7.   The Collective Class is composed of:

All Collections Account Representatives who are currently or were formerly employed by the Defendants as hourly employees in the past

three years preceding this lawsuit, who worked more than 40 hours in a given workweek as least one time, and received anything less than 1.5 times their regular rate of pay for hours worked over forty (40) in a workweek, and who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, for the reasons more fully discussed in the incorporated Memorandum in Support, the Plaintiff requests this Court to:

a)      recognize this matter as a collective action under §216(b) of the FLSA and conditionally certify this as a National Collective Class;

b)      enter an Order permitting notification to all similarly situated individuals of the pendency of this action and of their statutory right to opt-into this action and to become a party;

c)      enter an Order requiring Defendants to produce the names, addresses, telephone numbers and emails of all former and present Collections Account Representatives who were employed by Defendants within the past 3 years, within 14 days of the date of the Order conditionally certifying this class;

d)      enter an Order permitting the proposed "Notice to Consent to Join" form be sent to all similarly situated individuals to complete, sign, and file with the Court within ninety (90) days of receipt of the list of all similarly situated individuals from Defendants; and

e)      appoint ROSHANNA SMITH as the Class Representative[1] with

authority to negotiate on behalf of the class.[2]

## MEMORANDUM OF LAW

## I.    INTRODUCTION

The FLSA specifically authorizes a party plaintiff to maintain an action on

behalf of him or her and those similarly situated to him or her.  29 U.S.C. § 216(b).

29 U.S.C. § 216(b) provides, in pertinent part:

> …an action to recover liability … may be maintained against any
> employer … by any one or more employees for and on behalf of …
> themselves and other employees similarly situated.  **No employee
> shall be a party plaintiff to any such action unless she gives her
> consent in writing to become such party and such consent is filed
> with the court in which such action is brought.**

Plaintiff, through the attached Declarations, has shown that the Collections

Account Representatives position does not vary from store to store and, in addition

to having similar job duties, are similar in other respects.  Plaintiff, and the Opt-in

Plaintiffs, all allege working over forty (40) hours per week without being paid the

proper overtime compensation.  As such, Plaintiff asserts that Defendant' practices

and policies violate the FLSA's overtime provisions, particularly 29 U.S.C. § 207,

which requires an employer to pay its employees for any hours worked in excess of

---

[1] See, Espanol v. Avis Budget Car Rental, LLC, 2011 U.S. Dist. LEXIS 120485, 4-5 (M.D. Fla. Oct. 18, 2011), in which the Honorable James Moody granted collective certification to a class of Shift Managers and appointed Bernar Espanol as the Class Representative to facilitate negotiations and enter into a proposed settlement on behalf of the class opt-ins.

[2] The Court will be asked to approve any settlement under Lynn's Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982) and attorney's fees.  See Toreros v. Tucson Elc. Power Co., 8 F.3d 1370, 1376 (9th Cir. 1993) (attorneys' fees are recoverable as a proportion of the class recovery under FLSA cases).

forty (40) in a workweek not less than one and one-half times the regular rate at which he is employed.  Such practices violated the law and adversely affected the rights of each member of this collective action.  *See Ayers v. SGS Control Servs., Inc.*, 2004 WL 2978296, at *1, 2004 U.S. Dist. LEXIS 25646 at *4 (S.D.N.Y. 2004).  Therefore, Plaintiff seeks this Court's authorization to facilitate notice to Defendants' current and former Collections Account Representatives who were and/or are subjected to the illegal practices described above at any time within the last three years and in the present.

## II.   STANDARDS FOR COLLECTIVE ACTION CONDITIONAL CERTIFICATION

### A.   Authority to Send Class Notice and Burden of Proof

FLSA collective actions operate much differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure.  Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case.  Without signing and filing such an express consent, employees are not bound by the outcome of the litigation.  *See id.* This is the exact opposite of traditional Rule 23 class actions in which a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out."

In *Hoffman-La Roche, Inc. v. Sealing*, 110 S. Ct. 482 (1989), the Court ruled

that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pre-trial discovery process, but that this authority also included sending court-authorized consent forms to potential plaintiffs. *Id.* The Court addressed the issue of whether the district court may play any role prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *Id.* The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b), by facilitating notice to potential plaintiffs. *See id.* at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *Id.*.

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *Id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *Id.* at 487. In addition, judicial intervention at an early stage ensures timely, accurate and informative disclosure to all similarly situated employees. *Hoffman-La Roch*, 493 U.S. at 172. Such notice will expedite the instant action by apprising Defendant as to the identity of all

claimants at the earliest possible time. *Id.* Since the Court's involvement in the notification process is "inevitable," it should occur prior to the notification of class members and the filing of a significant number of notices of consent. *Id.* at 171. In the absence of a court-authorized notification to all similarly situated employees, those employees would in all likelihood (i) not receive timely, complete and accurate information as to the pendency of this action, (ii) lack meaningful access to the court and (iii) have no practical or efficient method of vindicating their rights. *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613 (S.D. Tex. 1979) (finding that notice was required through notions of fundamental fairness).

### B.   The Eleventh Circuit Uses a Two-Tiered Approach Standard in deciding whether to create an opt in class and to facilitate notice

In *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1214–15 (11th Cir. 2001), the Eleventh Circuit addressed the standard for permitting court-supervised collective actions. While *Hipp* was an action maintained under the Age Discrimination in Employment Act, the *Hipp* analysis is relevant to FLSA collective actions because "[p]laintiffs wishing to sue as a class under ADEA must utilize the opt-in class mechanism provided in 29 U.S.C. § 216(b) instead of the opt-out class procedure provided in Fed. R. Civ. P. 23." *Hipp*, 252 F.3d at 1216. In that case, the 11th Circuit outlined a two-tiered procedure that district courts should use in certifying collective actions under Section 216(b), stating:

The first determination is made at the so-called "notice stage."  At the

notice stage, the district court makes a decision – **usually based only on the pleadings and any affidavits which have been submitted** – whether notice of the action should be given to potential class members. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."

The action proceeds as a representative action throughout discovery. The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiff's – proceed to trial on their individual claims." *Id.* at 1218 (*quoting Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995)).

Since *Hipp*, the District Courts in the Eleventh Circuit have utilized this two-tiered approach See, e.g., *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1230 (S.D. Ala. 2003); *Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1102 (M.D. Ala. 2003). In the first stage, the District Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that "(1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are "similarly situated" with respect to their job requirements and with regard to their pay provisions." *Reyes v. At & T Mobility*, 801 F.Supp.2d 1350, 1355 (S.D. Fla. 2011). Plaintiff's burden at this stage is very lenient and not

heavy.   Plaintiff can satisfy this reasonable basis test by showing detailed allegations supported by declarations which successfully engage defendant's affidavits to the contrary.   At this stage, typically discovery is not completed and the plaintiff has limited evidence to support the motion to certify the class. However, "the typical result is that the motion is granted."   *Id.* at 14.

**Step 1:  Plaintiffs herein demonstrate that they are "similarly situated**"

There are questions of law or fact common to all Collections Account Representatives who are or were employed by Defendants. For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff need only demonstrate that the defined class is comprised of representatives who are similarly situated to Plaintiff with regard to Defendant's payroll practices and record keeping requirements.  *See* 29 U.S.C. §216(b); *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991).  There is no requirement of "strict symmetry" or "absolute identity;" rather, potential class members must meet only a "sufficiently similar" standard."  *Glass v. IDS Financial Services, Inc.*, 778 F. Supp. 1029, 1081 (D. Minn. 1991) (an allegation that a single decision, policy or plan precipitated the challenged action was sufficient to define the class).  Plaintiff has exceeded the standard.  Plaintiff, and the Opt-In Plaintiffs, were all paid at an hourly-rate, were non-exempt for purposes of the FLSA and all allege that they worked more than forty (40) hours in more than one week and were not paid

overtime compensation. *See* Declaration of Thomas Lorenzo Brown and Consent
to Join forms of the Opt-In Plaintiffs.

**C.   Courts Focus on a Common Scheme or Plan and do not Require
      Many Opt-ins to Have Already Joined When Determining
      Whether to Grant Notice**

**1.   Common Scheme or Plan**

In order for an employee-plaintiff to maintain an opt-in collective action
against his employer for FLSA violations, the plaintiff must establish that he or she
is similarly situated to the proposed members of the collective class and that there
is sufficient interest by proposed class members to join the lawsuit. *Hipp*, 252 F.3d
at 1217; *see also Dybach*, 942 F.2d at 1567–68.  "Plaintiffs need show only that
their positions are similar, not identical."  *Grayson v. K Mart Corp.*, 79 F.3d 1086,
1096 (11th Cir. 1996).  Importantly, at this stage, Plaintiff need not conclusively
demonstrate that she and other putative class members are, in fact, similarly
situated.  *Rubery v. Buth Na-Bodhaige, Inc.*, 569 F. Supp. 2d 334, 337 (W.D.N.Y.
2008).  Rather, they must show that they "and potential plaintiffs together were
victims of a common policy or plan that violated the law."  *Id.*; se*e also Scholtisek*,
229 F.R.D. 381, at 390 ("[w]hat is important is that these employees were
allegedly subject to a common practice or scheme on [their employer's] part").
Moreover, "it would be inappropriate … to require plaintiff to meet a more
stringent standard than that typically applied at the early stages of litigation" before

discovery is complete.  *Chowdhury v. Duane Reade, Inc.*, 2007 WL 2873929, at *3, 2007 U.S. Dist. LEXIS 73853 at *10-*11 (S.D.N.Y. 2007).

The Court does not need to strain to find that the Plaintiff and the Opt-In Plaintiffs are similarly situated to all members of the putative class they seek to certify.  They all worked at the same Norcross, Georgia location as Collections Account Representatives, all worked in excess of forty (40) hours per week and all were not paid the proper overtime wages pursuant to the FLSA.  Based upon the allegations in the Complaint and the Declarations and Consent to Join forms of the Opt-In Plaintiffs, Plaintiff and the putative class are similarly situated: (1) they performed similar job duties; (2) they were subject to the same pay provisions; and (3) they were subject to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of Defendants by failing to pay for all hours worked in excess of forty (40) hours per week at their regular rate of pay, in violation of the FLSA.

### 2.    Sufficient Interest Requirement

In evaluating whether conditional certification is appropriate courts consider whether a plaintiff has shown that others are interested in joining the lawsuit. *Dybach*, 942 F.2d at 1567–68.  Courts typically do not require a high number of Opt-in Plaintiffs to have already joined the case.  *See Ackley v. City of Fort Lauderdale*, Case No.: 0-:07-cv-60960, at Doc. 45 (S.D. Fla. Jan. 24, 2008)

(granting Motion for Class Notice with Plaintiff and **two (2)** Opt-in Plaintiffs); *see also Beck v. Desoto Health and Rehab*, Case No.: 2:06-CV-226-FTM-34DNF, at Docs. 23, 34 (M.D. Fla. Jan. 24, 2004) (granting Class Notice Motion with only **one (1)** Opt-in); *see also Larry Guerra v. Big Johnson Concrete Pumping, Inc.*, Case No.: 05-14237 (S.D. Fla. May 17, 2006) (granting Class Notice Motion where there was only **one (1)** Opt-in Plaintiff).

By providing **three (3)** Opt-In Plaintiffs, Plaintiff has demonstrated a sufficient number of individuals who are interested in joining this suit.  In addition, the Opt-In Plaintiffs were subjected to the same pay practices and policies. Because there is substantial evidence of common practices affecting employees with the same job duties and pay provisions, certification is appropriate.   In *Alexander v. Cydor, Inc.*, No. 1:11-cv-01578-SCJ, 2012 WL 1142449 (N.D. Ga. April 6, 2012), Judge Jones certified a conditional class of employees by altering their time records, entering inaccurate information in their time records, and miscalculating their regular rates in failing to include nondiscretionary payments in the calculation, among other practices.  *Alexander*, 2012 WL 1142449, at *1, *4. Judge Jones granted certification because the plaintiffs and the putative class were similarly situated with respect to their job duties and pay provisions, and because they all were subjected to similar unlawful pay practices.  Id. at *4.

The Plaintiff's Complaint, along with the Opt-In Plaintiffs' allegations, show

that they are similarly situated to each other and to the putative class – all debt collectors who worked at Defendants' Norcross, Georgia location.  They all have similar job duties, were all paid an hourly-rate, were classified as non-exempt, received non-discretionary bonuses, and used the same timekeeping system to clock-in and clock-out each day.  And they were all subject to the same unlawful compensation practices which resulted in them not receiving proper compensation for the overtime hours they worked in excess of forty (40) hours in a work week.

This evidence is more than sufficient to meet the similarly situated requirement.  Thus, under the lenient standard applicable to a stage-one conditional certification analysis, the plaintiff and putative class members are clearly similarly situated for purposes of the FLSA.  *See Jewell v. Aaron's, Inc.*, 1:12-cv-0563-AT, 2012 WL 2477039, at *6 (N.D. Ga. June 28, 2012) (certifying a class of hourly employees with similar positions who worked at various location, and who were subject to similar policy denying them overtime).

### D. <u>Numerous Courts Have Granted Collective Actions in Similar Cases</u>

Courts routinely grant conditional certification of FLSA collective actions based upon a defendant's common scheme or policy against a group of employees in violation of the FLSA.  The United States District Court for the Northern District of California granted conditional certification to a class of information technology employees who essentially performed the same job duties.  *Santiago v.*

*Amdocs, Inc.*, 2011 U.S. Dist. LEXIS 146126, 2011 WL 6372348 (N.D. Cal. Dec. 19, 2011).   There, the complaint alleged that the defendant, a global technology firm which provided information technology services, systematically deprived its information technology employee's overtime wages in violation of the FLSA.  *Id.* at *22.   The plaintiffs submitted declarations asserting that their job duties consisted of providing computer support, testing related to repairs and problem-solving, and trouble-shooting.  The court concluded that the plaintiffs' allegations and evidence were sufficient to meet the "fairly lenient standard" required to conditionally certify a class and send notice.  *Id.* at *22.

In the case of *Fiore v. Goodyear Tire & Rubber Company*, 2011 U.S. Dist. LEXIS 24371, (M.D. Fla. Mar. 10, 2011), this Court certified the national class of Goodyear service managers.  The recent case of *Stuven v. Tex. De Braz. Tampa Corp.,* 2013 U.S. Dist. LEXIS 22240 (M.D. Fla. Feb. 19, 2013), is also highly instructive and factually important as to the threshold necessary to factually support the lenient standard necessary at this juncture to obtain conditional class certification.   In this case, the court found that the plaintiffs' supporting declarations and the number of opt-in plaintiffs from across the United States offered an equally compelling basis to conditionally certify the National Class. Other courts have also granted conditional certification in cases where defendants had a common scheme or policy applied to a group of employees.  *See In re Wells*

*Fargo Home Mortgage Overtime Pay Litigation*, 527 F. Supp. 2d 1053, 1071 (N.C. Ca. 2007) (conditionally certifying nationwide FLSA class where plaintiffs established defendant's classification policy was "uniform for all putative class members.").

Plaintiff has submitted substantial evidence in support of her Motion warranting conditional certification.  The named Plaintiff, and three (3) Opt-In Plaintiffs, as well as the putative class, are similarly situated in terms of their jobs and pay provisions, and they all want to prosecute overtime claims against Defendants based on the same legal theory arising out of the same unlawful practices applied at Defendants' Norcross, Georgia location.  Allowing notification to this putative class, which may exceed 300 class members, avoids multiple lawsuits where numerous employees have allegedly been harmed by the same violation.  *See Hoffman-LaRoche*, 493 U.S. at 470 ("The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.").  Accordingly, the record compels the conclusion that Plaintiff and the putative class are "similarly situated" under the FLSA sufficient to warrant class certification for current and former employees of Defendants who worked as Collections Account Representatives at Defendants' Norcross, Georgia location.

**III.    The "Merits" of Plaintiff's Claims are not Considered at this time**

Plaintiff anticipates Defendants will argue notice should not proceed based upon the only possible defense it may have to this action – that Plaintiffs were properly paid for any overtime hours that they worked. Although Plaintiff believes this defense will ultimately fail based upon the facts that will emerge during discovery, such arguments regarding the factual nature of Plaintiffs' claims and Defendant's defenses thereto are *irrelevant* at this stage of the notification process. At this "conditional certification" stage, courts *do not weigh the merits* of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *See Kreher v. City of Atlanta*, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated).

In *Kreher*, the court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature. *Kreher*, 2006 WL 739572 at *4. The court concluded that although the plaintiffs' declarations lacked some details, they established the existence of other employees employed in similar positions and subject to similar policies, warranting the court's decision to grant the plaintiffs'

motion under the "fairly lenient standard" applied in the Eleventh Circuit. *Id.* at *4; *see also Felix De Asencio v. Tyson Foods, Inc.*, 130 F.Supp. 2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."). Thus, setting aside Defendant's anticipated factual/legal arguments, Plaintiff has clearly have met her burden of proof on the "similarly situated" prong under *Hipp*.

### A.   Courts do not Consider the Need for Discovery During Stage I

It has been consistently recognized that discovery at the first notice stage is unnecessary for the similarly situated determination. *See Grayson*, 79 F.3d at 1099 (holding that a district court *may*, but is not required to, hold an evidentiary hearing prior to making its section 216(b) decision particularly where the Defendant's rights are not substantially affected) (*emphasis added*);   *see also Lloredo v. Radioshack Corp.*, 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination).

An examination of discovery is not appropriate because at this stage the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated." *See Pendelbury*, at *3 (stating that a factual determination of the similarly situated question is not appropriate at this time

because of the early stages of the litigation); *see also Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery.").

Moreover, discovery is not necessary because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance*, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).  In *Scott*, the court held that it was not appropriate for the court to address the merits of plaintiffs' claims or weigh evidence and thus refused to consider the Defendant's arguments regarding the variation in specific job duties, locations, working hours, or the availability of various exemptions.  *Scott*, 2006 WL 1209813, at *3 (*citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage)).  Plaintiff has provided sufficient evidence to warrant conditional certification and court supervised notice of this lawsuit to be sent all former and present Collections Account Representatives employed by Defendants at their Norcross, Georgia location. Accordingly, Plaintiff's Stage I Motion should be granted at this time.

## IV.   **PLAINTIFFS' NOTICE SHOULD BE POSTED AT ALL LOWES STORES**

Plaintiffs' proposed judicial notice is "timely, accurate, and informative."

*See Hoffman-La Roche*, 493 U.S. at 172. *See* attached judicial notice as **Exhibit "A".**   As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted.  Plaintiff also requests that, in addition to permitting Plaintiff to notify the potential Class members by U.S. mail and email, this notice be posted at each of Defendant's store locations that Collections Account Representatives are employed to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. Apr. 19, 2006) (finding that first class mail, combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.*, 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites).

## V.   DEFENDANTS MUST PRODUCE NAMES AND ADDRESSES OF THE CLASS

The opt-in provisions of the FLSA require a procedure for identifying and notifying potential class members.  *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987, at *3 (W.D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court).  "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.*  As such, early discovery

of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice.  *See Hoffman-La Roche*, 493 U.S. at 165; *See also Dietrich v. Liberty Square*, 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).[3]  Thus, if Plaintiff's Motion is granted, the Defendants should likewise be ordered to provide Plaintiff with a list of all putative class members' names and addresses in order to carry out notice.

## VI.   THE APPLICABLE STATUTE OF LIMITATIONS SHOULD BE THREE YEARS, EQUITABLY TOLLED TO THE DATE OF THE INITIAL COMPLAINT

The overwhelming majority of Courts use a 3 year statute of limitations period because it is apparent that the issue of whether a willful or reckless violation has occurred (which will decide whether a two or three year statute of limitation period applies) will not likely be decided until trial.  *See Simpkins v. Pulte Home Corp.*, 2008 WL 3927275 at p. 9 (M.D. Fla. 2008) (the determination whether that standard is met in this case is fact determinative and will not be made at the conditional certification stage).  Plaintiff has sufficiently alleged in her Complaint that a willful violation has occurred to warrant reference to the FLSA's three-year statute of limitations.  *See Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1242

---

[3] The names and addresses of potential class members are discoverable during the regular course of discovery even absent judicial notice because current and formers Collections Account Representatives are critical fact witnesses to this lawsuit.  *Hoffman-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter."  493 U.S. at 160; *see also Barton v. The Pantry*, Inc., 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiffs' co-workers prior to conditional certification).

(S.D. Ala. 2008) (approving 3-year statute of limitations in a court-facilitated notice when the plaintiffs adequately alleged willfulness); *see also Cryer v. Intersolutions, Inc.*, No. 06-2032, 2007 WL 1053214, at *3 (D.D.C. Apr. 7, 2007) (applying 3 year statute of limitations period applicable for defining class period in court-facilitated notice where plaintiff alleged willful conduct).   Where Plaintiff has alleged a willful violation, however, "it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective certification process." *Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901, 2007 WL 1552511, at *8 (S.D.N.Y. May 29, 2007).

## VII.  PLAINTIFFS AND THE PUTATIVE CLASS ARE SIMILARLY SITUATED AS TO VITAL RECOVERY SERVICES, INC. AND CHRISTOPHER SHULER HAVING JOINT EMPLOYER LIABILITY

A company or an individual may be liable for FLSA violations as a joint employer.  *See* 29 C.F.R. § 791.2(a); *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012); *Rubio v. Fuji Sushi & Teppani, Inc.*, 2013 WL 230216, at *5 (M.D. Fla. Jan. 22, 2013). Determining whether a defendant is a joint employer for purposes of FLSA liability, however, is not appropriate at the stage-one analysis for conditional certification.  *See, e.g., Johnson v. VCG Holding Corp.*, 802 F.Supp.2d 227, 239 (D. Me. 2011); *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp.2d 557, 563 (E.D. Va. 2006). That is because the stage-one analysis is limited to whether the plaintiffs and the putative class are "similarly situated with

respect to the legal and, to a lesser extent, the factual issues to be determined." *Choimbol*, 475 F. Supp.2d at 563; *see Hipp*, 252 F.3d at 1217–18 (first stage analysis limited to whether putative class is similarly situated in their job duties and compensation and were subjected to a common policy or scheme).

At this stage of the collective action analysis, plaintiffs have demonstrated under the lenient standard that they are similarly situated to the putative class with respect to Defendants having joint employer liability under the FLSA.   In determining whether joint employment exists, a court examines "if, as a matter of economic reality, the individual is dependent on the entity." *Layton*, 686 F.3d at 1175. Courts consider the following factors: (1) the nature and degree of control over the workers; (2) the degree of supervision, direct or indirect of the work; (3) the power to determine the pay rates or the methods of payments of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of the facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) investment in equipment and facilities.  See Id.; Rubio, 2013 WL 230216, at *5 (holding that for a company officer to be personally liable, he "must either be involved in the day-today operation or have some direct responsibility for the supervision of the employee.").

Here, Plaintiff's Complaint shows that she, and the debt collectors, were

supervised by Defendants, Vital Recovery Services, Inc. and Christopher Shuler. Defendants exercised control and supervision over debt collectors with respect to hiring, discipline, termination, job responsibilities, daily operations, and policies and procedures including compensation.   Vital Recovery Services, Inc. was responsible for providing payroll and benefits to all Vital Recovery Services, Inc. debt collectors, and Christopher Shuler rewarded debt collectors' performance. Finally, Vital Recovery Services, Inc. provided the facilities and equipment necessary for debt collectors.   Debt collectors worked at Defendants' premises. And Vital Recovery Services, Inc. created and provided debt collectors with employee handbooks, controlled the website that provided information about it and provided the telephone number for Vital Recovery Services, Inc.

Therefore, under the lenient standard of the stage-one collective action analysis, Plaintiff has demonstrated that she, and the putative class, are similarly situated to the putative class of debt collectors with respect to whether Vital Recovery Solutions, Inc. and Christopher Shuler have joint employer liability for FLSA violations.   Certification should be granted and notice ordered.

## IX.   <u>CONCLUSION</u>

Plaintiff has met her burden to conditionally certify the collective class of Collections Account Representatives and to facilitate notice to putative collective class members under Eleventh Circuit precedent.   Accordingly, Plaintiff

respectfully request that this Court conditionally certify the proposed collective class and permit and supervise notice to all current and former Collections Account Representatives employed in the preceding 3 years by Defendants because of Defendants' improper practices and policies.

**Dated: May 17, 2013**

*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN, ESQ.
Georgia Bar No. 257791
**FELDMAN MORGADO P.A.**
501 N. Reo Street
Tampa, Florida 33609
Tele: (813) 639-9366 / Fax: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Mitchell L. Feldman*
MITCHELL L. FELDMAN, ESQ.
Georgia Bar No. 257791