**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PATRICIA WALKER, and on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br>v.<br><br>VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 1:13-CV-00534-AT<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO NULLIFY AND STRIKE DEFENDANTS' RULE 68 OFFERS OF JUDGMENT

Daniel E. Turner
Beth A. Moeller
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendants

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

I.     FACTUAL BACKGROUND ......................................................................... 2

   A.     The Walker and Smith Cases are Consolidated ........................................... 2

   B.     Post-Consolidation Proceedings and Agreed-Upon Process to Discuss Possible Settlement ........................................................................................ 3

   C.     Defendants' Rule 68 Offers of Judgment ..................................................... 6

II.    LEGAL ANALYSIS ..................................................................................... 9

   A.     Plaintiff's Proposal Seeks to Eviscerate Rule 68 ...................................... 10

      1.     The Court Has No Discretion To Fail to Enter the Accepted Rule 68 Offers of Judgment or Apply the Provisions of Rule 68 to the Unaccepted Offers of Judgment ...................................................................................... 11

      2.     Discovery Is Not Required In Advance of a Rule 68 Offer of Judgment. 13

   B.     That This is an FLSA Collective Action Does Not Impose Additional Requirements Under Rule 68 ......................................................................... 17

      1.     Court Approval is Not Required .............................................................. 17

      2.     There is no "FLSA Exception" to Rule 68 .............................................. 20

III.   CONCLUSION ............................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Arencibia v. Miami Shoes, Inc.*,
    113 F.3d 1212 (11th Cir. 1997)..................................................................19, 21

*Cameron-Grant v. Maxim Healthcare Services, Inc.*,
    347 F.3d 1240 (11th Cir. 2003)........................................................................19

*Dionne v. Floormasters Enterprises, Inc.*,
    667 F.3d 1199 (11th Cir. 2012)..................................................................19, 20

*Fafel v. DiPaola*,
    399 F.3d 403 (1st Cir. 2005) ............................................................................12

*Fernandez v. A–1 Duran Roofing, Inc.*,
    2013 WL 684736 (S.D.Fla. Feb. 25, 2013) .....................................................18

*Genesis Healthcare Corp. v. Symczyk*,
    133 S.Ct. 1523 (2013)................................................................................passim

*Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.*,
    962 F.2d 268 (2nd Cir. 1992)...........................................................................12

*Jackie Cavender v. Target Corporation*,
    N.D. Ga., Case No. 1: 10-cv-3735-AT ............................................................19

*Leach v. Northern Telecom, Inc.*,
    141 F.R.D. 420 (D.C.N.C. 1991) ...............................................................14, 16

*Luna v. Del Monte Fresh Produce (Southeast), Inc.*,
    2008 WL 754452 (N.D. Ga. March 19, 2009).......................................21, 22, 23

*Lynn's Food Stores, Inc. v. U.S.*,
    679 F.2d 1350 (11th Cir. 1982)..................................................................passim

*MacKenzie v. Kindred Hospitals East, L.L.C.*,
    276 F.Supp.2d 1211 (M.D. FL 2003)..................................................18, 20, 21

ii

*Mallory v. Eyrich,*
    922 F.2d 1273 (6th Cir. 1991)..........................................................................12

*Marek v. Chesny,*
    473 U.S. 1 (1985)............................................................... 10, 13, 14, 16

*Martin v. Spring Break '83 Prods., LLC,*
    688 F.3d 247 (5th Cir. 2012)........................................................................18

*McLaughlin v. Richland Shoe*,
    486 U.S. 128 (1988)...................................................................................2

*Murton v. Measurecomp, LLC,*
    2008 WL 5725628 (N.D. Ohio Dec. 2, 2008) ............................................23, 24

*Perkins v. U.S. West Communs.,*
    138 F.3d 336 (8th Cir. 1998)........................................................................12

*Picerni v. Bilingual Seit & Preschool Inc.,*
    925 F.Supp.2d 368 (E.D.N.Y. Feb. 22, 2013) ............................................18, 19

*Rubery v. Buth-Na-Bodhaige, Inc.*,
    494 F.Supp.2d 178 (W.D.N.Y. 2007).............................................................23

*Smith v. Tri–City Transmission Serv.,*
    2012 U.S. Dist. LEXIS 119428 (D.Ariz. Aug. 23, 2012) .................................18

*Staffend v. Lake Central Airlines, Inc*.,
    47 F.R.D. 218 (D. Ohio 1969).......................................................................14

*Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,*
    298 F.3d 1238 (11th Cir. 2002).....................................................................10

*Webb v. James,*
    147 F.3d 617 (7th Cir. 1998)........................................................................12

*Yates v. Applied Perf. Tech., Inc.,*
    205 F.R.D. 497 (S.D. Ohio 2002) ..................................................................23

## STATUTES

15 U.S.C. § 6809(4) .....................................................................................4

**OTHER AUTHORITIES**

29 C.F.R. § 778.120 ........................................................................................7

12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 3005 (2d ed. 1997) ...............................................................passim

Fed. R. Civ. P. 1 ..........................................................................................20

Fed. R. Civ. P. 68 ...................................................................................passim

Fed. R. Civ. P. 68(a) ...................................................................................11

Fed. R. Civ. P. 68(d) ...................................................................................13

Fed. R. Civ. P. 81 ........................................................................................20

*The New Meaning of Rule 68: Marek v. Chesny and Beyond*,
    1987, 14 N.Y.U. Rev. L. & Soc. Ch. 475 .......................................15

Throughout this litigation, Defendants have made every effort to try resolve this case and avoid creating unnecessary exorbitant attorneys' fees and costs (on both sides).  To this end, Defendants sought consolidation of two identical matters, consented to conditional certification and notice to the putative collective action members, agreed to a stay of discovery to explore a possible resolution, and produced to Plaintiffs voluminous information regarding the 77 opt-ins.  *See e.g.,* Dkt. Nos. 26, 28.  Disappointingly, Defendants' good-faith efforts to put a stop to the proverbial bleeding in this case have been met with resistance at every turn.  Plaintiff's latest motion is no exception.

Plaintiff's Motion to Nullify and Strike Defendants' Rule 68 Offers of Judgment, Dkt. No. 80 ("Plaintiff's Motion"), must be denied, as it requests the Court to carve out an exception to Fed. R. Civ. P. 68 for cases brought pursuant to the Fair Labor Standards Act ("FLSA"), an exception that neither exists nor is permitted.  In addition, Plaintiff's Motion contains inaccurate and incomplete facts designed to create the illusion that Defendants were acting in bad faith when they served the Rule 68 offers of judgment.  Contrary to Plaintiff's allegations, Defendants' Rule 68 offers of judgment are entirely proper under both the plain language of the Rule 68 and the relevant case law and Plaintiff's Motion must be denied.

1

# I.   FACTUAL BACKGROUND

## A.   The *Walker* and *Smith* Cases are Consolidated

In early 2013, this case and *Smith vs. Vital Recovery Services, Inc., et al.*, Civil Action No. 1:13-cv-00712-TCB, where filed against Defendants asserting overlapping claims under the FLSA.   Shortly after the filing of the actions, Defendants advised Plaintiff's counsel that, unbeknownst to them, the third-party human resources and payroll company had erred in failing to include the bonus payments in the regular rate for purposes of calculating overtime payments.[1] Defendants, however, deny any improper off-the-clock work or changes to employee time records.   Defendants successfully sought and obtained consolidation of the two actions with *Walker* being the lead case. Shortly thereafter, Defendants

---

[1] Defendant Vital Recovery Services, Inc. is a small debt collection company located in Norcross Georgia.  At all relevant times, Defendants contracted with and relied upon an independent third-party human resources services provider to assist them with ensuring compliance with applicable employment laws, including the FLSA. *See* Declaration of Jim Davis ("Davis Decl."), attached as Exhibit 1. The human resources provider was also responsible for processing Defendants' payroll in a manner that complied with applicable laws.  Defendants reasonably and in good faith relied the human resources company's advice and handling of payroll matters during the relevant time frame with no reason to question the advice they were provided.  Pursuant to *McLaughlin v. Richland Shoe*, 486 U.S. 128 (1988), the standard for the imposition of liquidated damages is "knowing and reckless." Given Defendants' good-faith reliance on the third-party human resources company, Defendants' have strong defenses to the imposition liquidated damages, as well as the application of a two versus three year statute of limitations.

2

agreed to conditional certification and the issuance of notice in the *Walker* matter. *See* Dkt. No. 30.

**B.     Post-Consolidation Proceedings and Agreed-Upon Process to Discuss Possible Settlement**

Defendants, at the earliest stages of the case, stated their intent to work with Plaintiff's counsel to determine and pay the amounts owed due to the errors in the bonus calculations and agree on a process to assess the merits of the alleged off-the-clock and time card alterations.  The parties discussed at length the various data available.[2]

In and around June 2013, the parties agreed that as a starting point, Defendants would analyze the agreed-upon data for the initial pre-notice opt-ins, and provide this information to Plaintiff.  *See* A. Garber's June 7, 2013 e-mail, attached as Exhibit 2. Based upon this information, Plaintiff and Defendants agreed to attempt to assess and discuss the viability of the off-the-clock allegations and time card changes.  The parties could also determine if they could extrapolate from that data a potential settlement value for each opt-in who asserted the off-the-clock and time card changes claims at issue.  *Id.*  Per the parties' agreement, Defendants,

---

[2] Defendants on a number of occasions discussed with Plaintiff's counsel that the amount of data in the various relevant, electronic systems is voluminous and the systems were not designed to work together so as to create a report showing a comparison of time punches or changes to time punches against the other data that would be recorded for the opt-ins during working hours.

at the direction of their counsel, spent hundreds of hours of time and substantial resources to write various computer codes necessary to download the massive amounts of data from the various electronic systems and permit the parties to analyze all of the varying systems time records on a day-by-day basis for the pre-notice opt-ins. *See* Davis Decl., Exhibit 1.

The parties conferred at extensive length regarding the need to protect the data compilations in that they were prepared at the direction of counsel and are work product,[3] and additionally, could contain information of non-party debtors protected by federal law.[4] Defendants have at all times been prepared to share the data compilations with Plaintiff's counsel with nothing more than an agreement that there was no waiver of attorney-client privilege or work product protection. The dispute arose over Plaintiff's counsels' stated desire to send copies of these electronic documents to their clients. Defendants properly requested some protections as to any potential waiver given the possible widespread distribution of the data compilations. Moreover, Plaintiff's counsel told counsel for Defendants

---

[3] The data compilations do not simply provide raw data, but also explain any discrepancies between the time recorded by employees and the time stamps contained in the other electronic systems.

[4] Some of the raw data collected contains highly confidential consumer information in that it includes telephone calls with non-party debtors, telephone numbers of debtors, and the like, all of which is non-public personal information as defined by 15 U.S.C. § 6809(4).

that not all of the opt-ins asserted each and every claim, and some did not assert off-the-clock claims or time record changes claims.

The parties exchanged various proposed agreements between October and November.  In mid-November, Plaintiff's counsel raised concerns about all of the opt-ins being required to sign the agreement.  During a telephone conferral, the parties discussed converting the then-existing draft agreement into a proposed order to the Court which would alleviate the need for each person to sign.  Rather, counsel for the parties would need only apprise those who receive or review potentially privileged information of the terms of the order.  The parties talked at length and walked through the agreement paragraph-by-paragraph discussing changes needed to convert it into an order and address each parties' concerns.

On November 18, 2013, Defendants' counsel sent a copy of the proposed order to Plaintiff's counsel for his review, which, contrary to Plaintiff's claim, contained no provision requiring each opt-in to sign the agreement.  *See* Exhibit 3, D. Turner November 18, 2013 email and proposed order.  Rather than responding to the latest version of the agreement, Plaintiff's counsel sent an entirely new version of the document that failed to address most of the concerns previously discussed. *See* Exhibit 4,   A. Garber, November 18, 2013 email and proposed order. Defendants' counsel expressed dismay with having a new document that required

5

both sides again start from scratch after months of conferrals.  *See* Exhibit 5, D. Turner November 18, 2013 email.  On November 20, 2013, Plaintiff's counsel advised that the parties should keep working on an agreement, insisting it be the newly created document and suggest the parties set a time to confer.  He further suggested that the parties agree to an extension of the stay.  Defendants' counsel responded that they agreed and stated they were available the following week on Monday and Tuesday before Thanksgiving and then the week thereafter.  *See* Exhibit 6, D. Turner November 22, 2013 email. Other than an e-mail agreeing to the form of a motion to extend the stay, Plaintiff's counsel did not further respond.[5]

### C.   Defendants' Rule 68 Offers of Judgment

Defendants spent substantial resources to create the agreed upon data compilations which, as it expected, show no (or exceptionally *de minimis*) time worked for which the pre-notice opt-ins were not paid.  Following countless attempts and months of incurring fees that had not even led to a process to share this information, in an effort to put a stop to the runaway attorneys' fees and costs, Defendants made Rule 68 offers of judgment to Plaintiff and the opt-ins.

---

[5] Defendants remain willing to share the compilations compiled with Plaintiff's counsel as initially agreed, as well as with the opt-ins.  Defendants, however, have been unable to obtain the necessary safeguards of the information by which to do either.

Defendants in good faith believe the Rule 68 offers make Plaintiffs and the opt-ins at least, if not more than, whole.

Per Plaintiff's request, Defendants provided to Plaintiffs a spreadsheet detailing the calculations for the bonus claims portion of the offers of judgment and informed Plaintiff that they were calculated using the formula set forth in 29 C.F.R. § 778.120.[6] In addition, the amounts offered included a three-year limitations period– and provided liquidated damages to each opt-in – both of which Defendants dispute are warranted.  In order to ensure full compensation for all of the asserted claims, in addition to the inclusion of the disputed liquidated damages and extended statute of limitations, Defendants included an additional amount of between $25-$100 to each opt-in to account for any potential discrepancies in calculations and for any alleged off-the-clock work or improper time card changes.[7]

Defendants also invited Plaintiff's counsel to contact counsel if there was any question about how the offer amounts were calculated.   Other than to ask for the bonus calculations, Plaintiff did not contact counsel for Defendants regarding the

---

[6] Defendants had previously provided to Plaintiff the pay records, including bonuses, and time records for Plaintiff and all opt-ins.

[7] As set forth fully in the Declaration of Jim Davis, attached hereto as Exhibit 1, Defendants' investigation establishes that to the extent there was any off-the-clock work, it was *de minimis*, entitling the opt-ins to very little, if any, additional compensation.  The total amount of hours that are presently unexplained and at present presumed to be unpaid work hours by the 8 pre-notice opt-ins represented by Plaintiff's counsel is 6.22 out of a total of 28,451 hours worked (0.02%).

basis of the offer amounts or address the now claimed concerns about the validity of the Rule 68 offers.[8]  Instead, after sending the Rule 68 offers to their clients (25 of whom have accepted them), Plaintiff now seeks to strike even the ones accepted.

Plaintiff's revisionist and incomplete history of the true events leading to the Rule 68 offers in Plaintiff's Motion confirms the very concerns harbored by Defendants that warranted their issuance, which has been further exemplified by recent communications between the parties.  Plaintiff's counsel now reverses course as to the parties' agreed upon process to first analyze the pre-notice opt-ins and, for the first time, is demanding all "raw data for *all* the plaintiffs and opt-ins."  *See* A. Garber's January 7, 2014 email, attached as Exhibit 7 (stating in pertinent part, "without the raw data for *all* the plaintiffs and opt-ins (except the five noted above),

---

[8] Defendants served Rule 68 offers on the four opt-ins from the consolidated *Smith* action and made a settlement offer to the plaintiff in that case.  All of them accepted and do not join in this Motion.  Of the 73 *Walker* plaintiffs, 25 accepted offers of judgment and two *Walker* plaintiffs accepted traditional settlement offers.  Plaintiff *Walker*'s counsel has suggested that a motion for court approval as to the accepted Rule 68 offers for the three individuals with admittedly time-barred claims and two accepted traditional settlement offers should be filed, which Defendants counsel contend are neither warranted nor required.  *See* A. Garber email dated January 7, 2014, attached as Exhibit 7. Assuming any such approval were necessary, presumably, Plaintiff would not oppose any such motion for approval, despite not having the information Plaintiff claims to need in her Motion to Nullify.  These contradictory positions are perplexing, and cast Plaintiff's Motion in a curious light. Moreover, burdening the Court with a motion to approve the Rule 68 offers accepted by opt-ins who their counsel admits assert only time-barred claims (*i.e.,* they were owed nothing), is not a good use of either party's or the Court's resources.

including their work-week and pay periods, for their off-the-clock and false-records damage theories – which obviously is not privileged – I cannot accurately calculate their individual damages, and therefore I am in no position to make a proper evaluation of their individual claims") (emphasis in original).[9]

## II.   LEGAL ANALYSIS

Plaintiff's inflammatory statement of the question presented by her Motion is grossly inaccurate and a clear attempt to camouflage her true request – to carve out an exception to Rule 68 in FLSA actions.   Despite Plaintiff's allegations, Defendants' issuance of the Rule 68 offers of judgment was entirely proper and *included all claims*. The offers must be allowed to stand as valid and operative offers of judgment.   To grant Plaintiff's request would create a slippery-slope that would essentially eviscerate the utility and purpose of Rule 68 in FLSA actions, which was recently reviewed and deemed appropriate in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013).

---

[9] The only specific "raw data" previously requested by Plaintiff is data showing any changes to the time records.  Defendants advised that they would produce that data when the parties met to discuss the data compilations as it would become clear that that data requested alone does not answer any questions.  Rather, the data would have to be reviewed and overlayed with data from other, separate systems to determine whether the changes to the records were improper or based upon failures to clock in and out or other legitimate reasons.

### A.   Plaintiff's Proposal Seeks to Eviscerate Rule 68

Plaintiff is essentially arguing that Rule 68 offers, at least in FLSA cases, entitle plaintiffs to substantial discovery before any offer of judgment can be deemed valid, and, additionally, that such offers require advance Court approval.  In essence, Plaintiff is asking for an "FLSA exception" to Rule 68.  Such relief is not appropriate.

The Supreme Court has held that "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation.... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny,* 473 U.S. 1, 5 (1985).   "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1240 (11th Cir. 2002) (*citing Marek v. Chesny,* 473 U.S. 1, 5 (1985)). Further, "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits."   *Id.* at 10.   Thus, the Supreme Court has cautioned that because of the "severe consequences" of the Rule, plaintiffs must "think very hard about whether continued litigation is worthwhile."  *Id*. at 6.

1.    **The Court Has No Discretion To Fail to Enter the Accepted Rule 68 Offers of Judgment or Apply the Provisions of Rule 68 to the Unaccepted Offers of Judgment**

Plaintiff filed 25 accepted offers of judgment simultaneously with her motion to nullify all offers of judgment, both accepted and unaccepted.[10]  *See* Dkt. No. 81, 82.   The Court has not yet entered judgment for any of those 25 individuals, presumably in light of Plaintiff's Motion to nullify.  Defendants respectfully submit that the Court has exceptionally limited discretion as to whether to enter judgment for the 25 individuals who accepted of the offers.  Even assuming the Court had authority to do so, nothing in this case warrants departure from the plain language of the Rule.

Rule 68(a) very plainly states, in relevant part, "If within 14 days after being served, the opposing party serves written notice of accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk *must* then enter judgment."  Fed. R. Civ. P. 68(a) (emphasis added).  The court

---

[10]  Although Plaintiff's Motion is silent on the issue, Defendants assume that Plaintiff's counsel informed the persons who accepted the Rule 68 offers that, depending on the Court's ruling, if the motion to strike were granted, their acceptance would be deemed nullified and they will not now and may never be entitled to receive some or all of the amounts offered.  For example, opt-in Victor Onyesoh earned no bonuses, and thus has no bonus calculation claim, and worked for the company for only four weeks.  In reality, his possible damages are likely zero.  He accepted an offer of judgment for $100.00, an amount he is not likely to ever otherwise obtain.  *See* Dkt. No. 81-16.

generally has no discretion whether or not to enter the judgment because such an offer of judgment is usually considered self-executing.[11]

There are certain, very limited circumstances under which courts retain authority to review an offer of judgment: in a Rule 23 class action a court is charged with the authority to accept a settlement;[12] and in a case seeking injunctive relief, a court is vested with the ultimate power to enter an injunction. 12 Charles Alan

---

[11] *See generally Mallory v. Eyrich,* 922 F.2d 1273,1279 (6th Cir. 1991) ("By directing that the clerk *shall* enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties' agreement"); *Webb v. James,* 147 F.3d 617, 621 (7th Cir. 1998) ("Rule 68 operates automatically, requiring that the clerk 'shall enter judgment' upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer"); *Perkins v. U.S. West Communs.,* 138 F.3d 336, 338 (8th Cir. 1998) ("Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted."); *Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc.,* 962 F.2d 268, 275 (2nd Cir. 1992) (dissent) ("Indeed, the district court had no alternative but to enter the judgment exactly as offered and accepted, in view of the 'self-executing' nature of Rule 68 judgments"); *Fafel v. DiPaola,* 399 F.3d 403 (1st Cir. 2005) (The entry of judgment pursuant to Rule 68 operates as more than mere consideration for the underlying offer and acceptance. The unique features of the rule render an offer of judgment a consent judgment of a particular kind).

[12] This distinction is due to the presence of absent class members, a factor not present in opt-in collective actions. Indeed, in *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1532 (2013), the Supreme Court expressly recognized the difference between class actions under Rule 23 and collective actions under the FLSA, stating, "Whatever significance 'conditional certification' may have in § 216(b) proceedings, it is not tantamount to class certification under Rule 23." In *Genesis*, the Supreme Court expressly authorized the use of Rule 68 offers to moot a plaintiff's claims in an FLSA action. *Id.* It did not require approval of the amounts offered.

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3005 (2d ed. 1997) (hereinafter "Wright & Miller") (citing *Marek*, 473 U.S. at 11).  Outside of those limited circumstances, a court must enter a judgment accepted by the parties.  *Id.*

In the present case, neither of these circumstances are present.  Even if any other deviation is permitted, there is no extraordinary circumstance present here to deviate from the plain language of Rule 68.  Thus, the Court should enter judgment as to the accepted offers of judgment.

With respect to the unaccepted offers of judgment, the analysis is precisely the same.  Rule 68(d) states, "if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree *must* pay the cost incurred after the offer was made."  Fed. R. Civ. P. 68(d) (emphasis added).  The provisions of Rule 68(d) provide no discretion with respect to the handling of an unaccepted offer.  The same logic related to encouraging settlement, avoiding litigation, and prompting parties to evaluate the risk and cost of litigation stated by the Supreme Court apply equally with respect to unaccepted offers of judgment.

### 2.    Discovery Is Not Required In Advance of a Rule 68 Offer of Judgment

Plaintiff claims that the opt-ins could not fairly evaluate or "test" the Rule 68 offers without any "evidence."  *See* Plf.'s Mt. at 8-10. Contrary to Plaintiff's claims, Rule 68 contains no requirement that discovery or "evidence" be exchanged prior to

making an offer of judgment.  Nor does the lack of such discovery render offers of

judgment invalid.  Without question, "a Rule 68 offer puts pressure on a plaintiff to

make a difficult decision whether to continue with the litigation.  That, indeed, is

part of the purpose of the rule; as the Supreme Court has noted, making plaintiffs

'think very hard' about whether continued litigation is worthwhile is 'precisely what

Rule 68 contemplates.'"  Wright & Miller at § 3005 (citing *Marek*, 473 U.S. at 11).

Indeed, "the plaintiff may, depending on the posture of the litigation, have very little

information on which to base such a judgment.  Rule 68 offers can be served very

early in the litigation." *Id.*  (citations omitted).

　　With respect to the accepted Rule 68 offers, to do as Plaintiff asks, and

essentially indefinitely hold them in abeyance,

> would negate Rule 68, as it appears to remove the very pressure that the
> Supreme Court has said should be placed on plaintiffs to achieve the
> rule's objectives.  Unlike the time to answer a complaint or to respond
> to a motion, which is principally designed to move the litigation along
> rather than to accomplish such a purpose, the time limit in Rule 68 is
> intended to serve a central goal of the rule.

Wright & Miller, at §3005 (citing *Leach v. Northern Telecom, Inc.*, 141 F.R.D. 420

(D.C.N.C. 1991) (plaintiff's motion to extend the time to respond to a Rule 68 offer

would be denied. To grant the motion would significantly change the posture of the

case and, as a consequence, be unfair to defendants); *Staffend v. Lake Central

Airlines, Inc.*, 47 F.R.D. 218 (D. Ohio 1969) (denying plaintiff's motion to extend

14

time to respond to a Rule 68 offer because allowing such motions would deter defendants from making offers and "The value of any lawsuit for settlement purposes varies from time to time and often from day to day. … No sensible defendant would make an offer of judgment if he knew the offer might be kept open for an indefinite period of time, even though the value of the litigation might change.")).  Plaintiff's Motion asks that the Court order Defendants to reissue the accepted offers and allow each opt-in an additional 14 days (after obtaining some as yet unidentified "raw data" and unlimited information and then making some unspecified "certification" regarding their claims) to consider the offers.   Such would eviscerate the "very pressure that the Supreme Court has said should be placed on plaintiffs to achieve the rule's objectives."  Wright & Miller at §3005.

Additionally, the opt-ins themselves can act quickly to obtain the information needed to make decisions on Rule 68 offers.   As one commentator has noted, plaintiffs should prepare for the possibility of early Rule 68 offers by doing a thorough investigation and research before filing suit.   *See* Simon, *The New Meaning of Rule 68: Marek v. Chesny and Beyond*, 1987, 14 N.Y.U. Rev. L. & Soc. Ch. 475, 491–95 (cited in Wright & Miller at §3005).  Thus, before extending the time to respond to a Rule 68 offer to obtain information, courts should "insist on extraordinary circumstances beyond the customary challenges an unprepared

plaintiff may confront due to uncompleted discovery or investigation." Wright & Miller at §3005.[13]  Plaintiffs are the best source of information available to them.  If they believe their hours were altered or they were not paid for all time worked, they can assess for themselves whether the offer compensates them adequately, as well as the likelihood of whether they will ultimately be entitled to liquidated damages and a three year statute of limitations, and assess the risk of foregoing the offers.[14]

In the present case, Plaintiff has presented no circumstance justifying a departure from the plain application of Rule 68.  The fact that the offers were made prior to formal discovery is an ordinary, rather than extraordinary, occurrence as the very purpose of the offers is to halt the litigation.  *See, e.g.*, *Genesis,* 133 S.Ct. at 1527 (upholding the use of a Rule 68 offer in an FLSA matter, where Rule 68 offer was served simultaneously with defendant's answer to plaintiff's complaint).  Plaintiff has requested extraordinarily voluminous raw data and other ESI for each and every opt-in.  *See* A. Garber's email, dated January 7, 2014, attached as Exhibit 7 (seeking "raw data for *all* the plaintiffs and opt-ins…") (emphasis in original).  To

---

[13] Plaintiff argues that to not allow the opt-ins to "test" the offers would unfairly subject them to Rule 68's cost-shifting penalty.  *See* Plf.'s Mt. at 2.  Regardless of any claimed unfairness, this is exactly the determination that Rule 68 requires plaintiffs to make – fair or unfair.  To hold otherwise would render Rule 68 useless, and to allow additional time for discovery would be unfair to Defendants as it would eviscerate the very purpose of Rule 68.  *See Marek*, 473 U.S. at 11; *Leach*, 141 F.R.D. at 428.

[14] Plaintiff has not alleged that the calculations for the bonus claims are inaccurate.

allow Plaintiff to obtain virtually unfettered discovery and run up exorbitant fees and costs associated with such defeats the very purpose of Rule 68.  Plaintiff's Motion must be denied.[15]

## B.   That This is an FLSA Collective Action Does Not Impose Additional Requirements Under Rule 68

To grant Plaintiff's Motion and requested relief would render Rule 68 virtually inapplicable in FLSA cases, as the very purpose of the rule – avoiding the unnecessary cost and expense of litigation – would be undermined.  As set forth above, Defendants' Rule 68 offers were procedurally proper, and the fact that this matter arises under the FLSA does not affect their validity or operative effect, or impose additional requirements not listed in Rule 68.

### 1.   Court Approval is Not Required

Plaintiff's Motion is premised on the erroneous assertion that the Court must approve the Rule 68 offers pursuant to the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  As initial matter, because complete relief (and then some) has been offered to the opt-ins,

---

[15] Defendants recognize that had they filed a motion to moot the opt-ins claims based upon the Rule 68 offers of judgment, the opt-ins may attempt to dispute that they were offered full and complete relief rendering their claims moot.  However, Defendants have not so moved, and thus, any information needed to determine whether a case and controversy still exists is not necessary, and the cases cited by Plaintiff are in different procedural contexts and are not applicable here.  Defendants maintain, however, that based upon the information available to Defendants, the Rule 68 offers awarded here are in excess of any possible recovery.

there is no settlement or compromise of claims requiring court approval as in *Lynn's Food.  See MacKenzie v. Kindred Hospitals East, L.L.C.,* 276 F.Supp.2d 1211 (M.D. FL 2003).

Even if the offers of judgment were deemed a settlement offer or compromise, there is no need for judicial approval in this case.  Certainly, there can be no argument that the <u>unaccepted</u> offers also require court approval, as there has been no possible compromise of claims in those instances.  Plaintiff's argument that court approval is needed for the 50 unaccepted offers of judgment is akin to requiring a fairness hearing prior to making a settlement offer, whether such offer is accepted or not.  This argument does not withstand logic.

As to the 25 accepted offers of judgment, they also do not require court approval prior to entry of judgment.  Numerous courts, both those in the Eleventh Circuit, and elsewhere, have limited the holding of *Lynn's Food* to its facts and held that court approval is unnecessary where both parties are represented by counsel.[16]

---

[16] *See Fernandez v. A–1 Duran Roofing, Inc.,* 2013 WL 684736, at *1 (S.D.Fla. Feb. 25, 2013) (approval unnecessary where "both Parties were represented by counsel and therefore negotiated a settlement ... in an adversarial proceeding"); *Picerni v. Bilingual Seit & Preschool Inc.,* 925 F.Supp.2d 368 (E.D.N.Y. Feb. 22, 2013) (plaintiff's acceptance of offer of judgment for FLSA claims and dismissal pursuant to Fed.R.Civ.P. 41(a) did not require judicial approval); *Smith v. Tri–City Transmission Serv.,* 2012 U.S. Dist. LEXIS 119428, at *3 (D.Ariz. Aug. 23, 2012) ("It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding...."); *Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247 (5th

Further supporting denial of Plaintiff's Motion, the Eleventh Circuit has addressed the use of Rule 68 offers of judgment in FLSA actions on several occasions, and at no time held or so much as indicated that court approval is required under *Lynn's Food* in such circumstances.[17] *See e.g., Dionne v. Floormasters Enterprises, Inc*., 667 F.3d 1199 (11th Cir. 2012); *Cameron-Grant v. Maxim Healthcare Services, Inc*., 347 F.3d 1240 (11th Cir. 2003); *Arencibia v. Miami Shoes, Inc*., 113 F.3d 1212 (11th Cir. 1997); *see also Genesis*, 133 S.Ct. 1523 (2013) (expressly upholding the use of Rule 68 offers in FLSA cases with no requirement for court approval).  The Eastern District of New York recently recognized the Eleventh Circuit's apparent recognition of the limited application of *Lynn's Food* in refusing to require approval of an FLSA settlement in *Picerni v. Bilingual Seit & Preschool Inc.*, 925 F.Supp.2d 368, 374 (E.D.N.Y. 2013):

> I believe *Lynn's Food* should be confined to its rather egregious facts. Not only did the employer settle on the cheap with unsophisticated employees, but it circumvented the DOL's investigation in doing so, and then had the audacity to seek a judicial imprimatur validating its aggressive strategy. A narrower reading of *Lynn's Food* would be that if the proposed settlement would never have been approved if presented

---

Cir. 2012) (*Lynn's Food Stores, Inc.* fairness concerns not implicated regarding settlement that occurred within the context of an FLSA lawsuit where a plaintiff-employee is represented by counsel).

[17] Indeed, in counsel's experience, this Court has not required judicial approval under *Lynn's Food* when a Rule 68 offer is accepted in an FLSA action.  *See, e.g*., *Jackie Cavender v. Target Corporation*, N.D. Ga., Case No. 1: 10-cv-3735-AT, at Dkt. Nos. 13, 14 and 15.

in the context of a pending litigation, then it cannot be approved in a subsequent litigation. In contrast, had the employer paid 100% of the maximum to which the employees might have been entitled plus liquidated damages in a bona fide dispute, the broad language used by the Eleventh Circuit might well have been unnecessary. Indeed, the Eleventh Circuit has recently expressed a similar view. *See Dionne v. Floormasters Enterprises, Inc.,* 667 F.3d 1199 (11th Cir. 2012) (if the employer tenders 100% of the unpaid wages claimed by the employee, plus liquidated damages, even while denying liability, the case is moot and no fairness hearing is necessary, nor is the employee a prevailing party entitled to an attorney's fee). It is hard to conceive of any reason why, if a court is presented with an eminently reasonable, albeit after-the-fact, settlement, it is precluded from giving it legal effect.

Here, the plaintiffs are represented by competent counsel and are themselves competent professionals. As such, no judicial approval of any purported compromise of FLSA claims is required under *Lynn's Food*.

## 2. There is no "FLSA Exception" to Rule 68

Rule 68 contains no exclusions on its face that forbid its application in certain types of cases. *See* Wright & Miller, at § 3001; *Mackenzie,* 276 F.Supp.2d at 1216. Fed. R. Civ. P. 1 says that the civil rules, including Rule 68, govern "all suits of a civil nature" unless exempted by Rule 81, and Rule 81 makes no mention of exempting cases in which the application of Rule 68 has been questioned. Accordingly, the application of Rule 68 should not depend upon the type of case presented unless it is among those excluded by Rule 81 until and unless there is an amendment to the rules so providing. *See* Wright & Miller, at § 3001. Thus, a Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to

20

the FLSA.  *See, e.g., Genesis*, 133 S.Ct. 1523 (2013); *Arencibia v. Miami Shoes, Inc.,* 113 F.3d 1212 (11th Cir. 1997).  Plaintiff's reliance on *Lynn's Food* and its requirement that all FLSA compromises must be fair and reasonable is misplaced. As the Court in *Mackenzie* explained:

> The plaintiff argues that the judicial oversight discussed in *Lynn's Food Stores* is required for all FLSA settlements and that the enforcement of Rule 68 conflicts with the principles articulated in that decision (Doc. 33, pp. 4–5). However, *Lynn's Food Stores* does not address whether an employee's rights under the FLSA may be the subject of a Rule 68 offer of judgment. To the contrary, it does not even mention Rule 68. Consequently, there is nothing in *Lynn's Food Stores* that supports the plaintiff's request to strike the offer of judgment.
>
> Furthermore, *Lynn's Food Stores* addresses judicial oversight of "compromises" of FLSA claims (*see id.* at 1354–55). Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.

*MacKenzie,* 276 F.Supp.2d at 1217.

Here, as in *MacKenzie*, Plaintiff does not allege that the offers of judgment fail to make them whole.  Rather, they argue that they do not know, which is very different.  They can assess the adequacy of the Rule 68 offers based on their own experiences.

Plaintiffs' reliance on the unpublished decision in *Luna v. Del Monte Fresh Produce (Southeast), Inc*., No. 1:06-cv-2000-JEC, 2008 WL 754452, *12 (N.D. Ga.

March 19, 2009), is similarly misplaced.  Initially, it is an outlier decision not cited by any other court in this jurisdiction or elsewhere.  Moreover, it involved migrant and seasonal workers in the United States on temporary visas recruited to work at farms, making the *Lynn's Foods* decision applicable given the facts.  The plaintiffs alleged both wage and working condition claims.   Furthermore, the court specifically referenced that Defendants had not sought approval as to the Rule 68 offers of judgment.

Here, unlike in *Luna*, the Plaintiffs work in a professional environment, understand basic wage law, and were provided with a weekly time card which they could review and say was incorrect if it was and then sign the time card.[18]   It is also clear based upon Plaintiff's counsel's representation that some of them only assert the bonus miscalculation claim, which is fully compensated (and then some) with the Rule 68 offers.  *Luna* also flies directly in the face of well-settled Eleventh

---

[18] To the extent there is any concern about the fairness or adequacy of the offers, and the Court concludes a fairness hearing is required for Rule 68 offers, which it should not do, the issue is best addressed in a fairness determination by the Court, not in a motion to strike the Rule 68 records without the benefit of assessing (a) which opt-ins even assert the claims at issue, (b) what information they personally have, and (c) what information Defendants assessed in concluding the offers of judgment make the plaintiffs whole.

Circuit case law that Rule 68 is plain in its terms and provides the court no

discretion to deviate from it.[19]  *See supra*, section I.A.1.

Plaintiffs' reliance on *Murton v. Measurecomp, LLC,* 2008 WL 5725628

(N.D. Ohio Dec. 2, 2008) is also misplaced.  In *Murton,* the parties were engaged in

---

[19] In addition, the cases relied upon by the court in *Luna* are inapplicable.  In *Luna*, the court cited to the cases *Yates v. Applied Perf. Tech., Inc.,* 205 F.R.D. 497, 503 (S.D. Ohio 2002) (denying motion to compel acceptance of Rule 68 offer given dispute as to whether full relief had been offered) and *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F.Supp.2d 178, 181 (W.D.N.Y. 2007) (questioning the use of a Rule 68 offer when a motion for conditional certification is pending), which are also relied upon by Plaintiff.  As an initial matter, *Rubery* is no longer good law in light of the Supreme Court's holding in light of *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013) (holding that when a lone plaintiff's FLSA claim becomes moot via a Rule 68 offer of judgment and no one else has joined the action, the case is no longer justiciable).  In *Yates*, the defendant served an offer of judgment one week after the complaint was filed.  205 F.R.D. at 179.  The defendant thereafter moved to compel the plaintiffs to accept the offers of judgment.  *Id.* The court did not strike the offers of judgment as is requested in plaintiffs' motion.  Rather, the court held that the unaccepted offers of judgment were simply declined and refused to compel them to be accepted given a dispute as to whether they offered full relief.  *Id*. at 181. Here, unlike in *Yates*, Defendants have not sought to compel acceptance of the offers of judgment.  The issues in the present case have nothing to do with a motion to compel acceptance.

In *Rubery*, the defendant served an offer of judgment on the name plaintiff that did not include liquidated damages while a motion for certification was pending and did not serve offers of judgment on the 50 opt-ins already in the case.  494 F.Supp.2d at 501-502.  The defendant thereafter moved to dismiss the case arguing the plaintiff's claims were moot.  *Id.*  The court held that dismissal at this stage of this case, when a motion for certification was pending, more than 50 other plaintiffs would remain in the case and where the amount actually owed is in dispute, was unnecessary.  *Id*. at 503.  Again, unlike in *Rubery*, Defendants have not sought dismissal of any claims.  Nor did Defendants serve the offers of judgment on only one plaintiff during the notice period.

discovery. *Id*. at *1. The discovery included requests for specific data which still had not been produced for six months. *Id*. at *1-2. The Defendant had advised that the data collection was going slowly. *Id.* Shortly after making that representation, the Defendant sent directly to each opt-in an offer of judgment and did not serve opposing counsel. *Id*. at *2. The Plaintiffs filed a motion for sanctions and sought relief relating to the offers of judgment. The court was troubled by the offers of judgment being served directly to the opt-ins and Defendants claim that the data collection was going slowly followed by the service of the offers judgment. *Id*. at *3.

Here, unlike in *Murton,* the parties have been actively discussing resolution and, despite the stay of formal discovery, Defendants have produced to Plaintiff a great deal of information. With respect to the allegations of working off-the-clock and time card changes, the parties agreed to look at the records for the pre-notice opt-ins. Defendants spent hundreds of hours of time and substantial resources preparing the data compilations which it has attempted to share with Plaintiffs' counsel and is still prepared to do so. Plaintiff's counsels' actions have delayed the review of reports that demonstrate there is no merit to the claims. Moreover, according to Plaintiff's counsel, some of the opt-ins do not assert these claims. Plaintiff's counsel will not, however, identify which ones.

Further, the parties jointly sought a stay of formal discovery for the purpose of "engag[ing] in a cooperative exchange of necessary information for the purpose of identifying the group of persons to receive notice, which could potentially narrow the scope of the claims," and "discuss[ing] a possible class-wide resolution." Despite this, Plaintiff's counsel now seeks voluminous electronic raw data for each and every opt-in. *See* Exhibit 7. The very purpose the joint stay of formal discovery was to avoid voluminous and costly discovery that Plaintiff now claims is necessary. Plaintiff's insistence at running up attorneys' fees and costs served as the catalyst for the issuance of the Rule 68 offers. Plaintiff's Motion is no exception and must be denied.

## III.   **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted this 13th day of January, 2014.

> *s/ Daniel E. Turner*
> Daniel E. Turner
> Georgia Bar No.719330
> daniel.turner@ogletreedeakins.com
> Beth A. Moeller
> Georgia Bar No. 100158
> beth.moeller@ogletreedeakins.com
> Ogletree, Deakins, Nash, Smoak &
> Stewart, P.C.
> One Ninety One Peachtree Tower
> 191 Peachtree St. NE, Suite 4800

Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorneys for Defendants

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PATRICIA WALKER, and on behalf of herself and all those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:13-CV-00534-AT |
| VITAL RECOVERY SERVICES, INC., VITAL SOLUTIONS, INC., and CHRISTOPHER J. SHULER, | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I certify that on January 13, 2014, I electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO NULLIFY OR STRIKE DEFENDANTS' RULE 68 OFFERS OF JUDGMENT** with the clerk of court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Alan H. Garber
Marc N. Garber
The Garber Law Firm, P.C.
Suite 14
4994 Lower Roswell Road
Marietta, Georgia 30068

*s/ Daniel E. Turner*
Daniel E. Turner
Attorneys for Defendants

16760457.1